FRED BROOKS, Respondent, v. CITY OF GLOVERSVILLE, Appellant.— This is a case of a pedestrian slipping on an icy sidewalk. There had been considerable rough ice on the walk for a month prior to the accident and the city, in possession of the abutting premises, conceded its responsibility for the sidewalk's condition. It was engaged in construction of a parking ground and a detail of men who worked three days a week were assigned to keep the walk clean. Four inches of snow which fell four days previous to the accident had been cleaned off the walk. The city's employees had removed as much ice and snow as was possible with the use of picks and shovels. We are not told of the state of other sidewalks in that section of the city, nor as to how the city might have removed the danger. The only proof as to weather conditions shows that the temperature had been below freezing continuously from the date of the last snow storm. Without doubt the ice made the walk dangerous but proof is lacking that such condition was unusual or different from the conditions prevailing generally in that locality. (*Williams* v. *City of New York*, 214 N. Y. 259.) Apparently the defendant had done all that it could reasonably to keep the sidewalk safe for travel. Judgment reversed, on the law and facts, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

ALMON H. MILLARD, Appellant, v. OLVINE E. ALLEN, Respondent.— Defendant engaged plaintiff, a real estate broker, to procure a purchaser for real estate owned by her. He procured one Bostley who executed a contract for the purchase of the premises in question on condition that the Troy Co-operative and Savings Loan Association would loan him $2,000 on a mortgage. The loan association declined to make the loan. Plaintiff then procured another purchaser who took title to the property and paid therefor. Plaintiff was paid full commission on the latter sale. In this action he seeks to recover commissions under the abortive contract with Bostley. The Special Term granted summary judgment dismissing the complaint. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.